United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                    Case No. 17-11265-mdc
William K. Schoonover                                                     Chapter 7
Roneva W. Mills
         Debtors

# CERTIFICATE OF NOTICE

District/off: 0313-2         User: Randi              Page 1 of 1            Date Rcvd: May 03, 2017
                             Form ID: pdf900          Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
May 05, 2017.
db/jdb        +William K. Schoonover,   Roneva W. Mills,   162 Hopewell Lane,   Telford, PA 18969-2282

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                           TOTAL: 0

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                                           TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 05, 2017                                    Signature:  /s/Joseph Speetjens

___

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on May 3, 2017 at the address(es) listed below:
              BRIAN CRAIG NICHOLAS    on behalf of Creditor    Quicken Loans Inc. bnicholas@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              GARY F. SEITZ    gseitz@gsbblaw.com,    gfs@trustesolutions.net;hsmith@gsbblaw.com
              MATTEO SAMUEL WEINER    on behalf of Creditor    Quicken Loans Inc. bkgroup@kmllawgroup.com
              PATRICIA M. MAYER    on behalf of Debtor William K. Schoonover pmayer.esq@comcast.net,
               nydia.ramirez@comcast.net
              PATRICIA M. MAYER    on behalf of Joint Debtor Roneva W. Mills pmayer.esq@comcast.net,
               nydia.ramirez@comcast.net
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
                                                                                             TOTAL: 6

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| William K. Schoonover and Roneva W. Mills, | : | |
| Debtors. | : | Bankruptcy No. 17-11265-MDC |

# O R D E R

**AND NOW**, on April 26, 2017, William K. Schoonover and Roneva W. Mills (the "Debtors") caused to be filed a reaffirmation agreement with creditor Quicken Loans Inc. (the "Reaffirmation Agreement").[1]

**AND**, 11 U.S.C. §524(m)(1) provides that a reaffirmation agreement shall be presumed to be an undue hardship on the Debtors if the Debtors' monthly income less the Debtors' monthly expenses as shown on the statement in support of the Reaffirmation Agreement required under 11 U.S.C. §524(k)(6)(A) is less than the scheduled payments on the reaffirmed debt.

**AND**, it appearing from the Reaffirmation Agreement and the Debtors' schedules that the Reaffirmation Agreement may constitute an undue hardship because, if approved, the Reaffirmation Agreement will result in the Debtors having a negative net income of $(114.97).

**AND**, the Debtor has provided in support of the Reaffirmation Agreement a writing that includes an explanation that identifies additional sources of funds to make the payments as agreed upon under the terms of the Reaffirmation Agreement.

**AND**, this Court finds that the Debtor's explanation is sufficient to rebut the presumption that the Reaffirmation Agreement may constitute an undue hardship.

It is hereby **ORDERED** and **DETERMINED** that:

1.  No reaffirmation hearing is necessary. *See* 11 U.S.C. §§524(d) & (m).

---

[1] Bankr. Docket No. 17.

    2.    The Reaffirmation Agreement is **APPROVED**.

Dated: May 3, 2017

*Magdeline D. Coleman*

MAGDELINE D. COLEMAN
UNITED STATES BANKRUPTCY JUDGE

Patricia M. Mayer, Esquire
Waterman & Mayer, LLP
301 Oxford Valley Road, Suite 203B
Yardley, PA 19067

Gary F. Seitz, Esquire
Gellert Scali Busenkell & Brown LLC
The Curtis Center, Suite 750 West
601 Walnut Street
Philadelphia, PA 19106

United States Trustee
833 Chestnut Street, Suite 500
Philadelphia, PA 191097